IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| NICHOLAS J. LOVRETICH, ) | CIVIL NO. 13-00098 JMS/BMK |
| ) | |
| Plaintiff, ) | ORDER GRANTING |
| ) | DEFENDANTS' MOTION TO |
| vs. ) | DISMISS COMPLAINT FILED |
| ) | DECEMBER 31, 2012 |
| COUNTRYWIDE HOME LOANS, ) | |
| INC.; MORTGAGE ELECTRONIC ) | |
| REGISTRATION SYSTEMS; CWALT ) | |
| INC. MORTGAGE PASS-THROUGH ) | |
| CERTIFICATES, SERIES 2005-72; ) | |
| BANK OF AMERICA, N.A., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
COMPLAINT FILED DECEMBER 31, 2012**

**I. INTRODUCTION**

On December 31, 2012, Plaintiff Nicholas J. Lovretich ("Plaintiff") filed this action in the First Circuit Court of the State of Hawaii against Defendants Countrywide Home Loans, Inc. ("CHL"), Mortgage Electronic Registration Systems ("MERS"), "CWALT, Inc. Mortgage Pass-Through Certificates, Series 2005-72" ("CWALT"),[1] and Bank of America, N.A. ("BANA") (collectively,

---

[1] Although the Complaint lists 'CWALT Inc. Mortgage Pass-Through Certificates, Series 2005-72" as a Defendant, the Bank of New York Mellon, fka The Bank of New York ("BONY") has made an appearance, asserting that it is the trustee for CWALT. For ease of
(continued...)

"Defendants"). Plaintiff asserts that each of the Defendants has asserted conflicting interests in Plaintiff's mortgage loan on real property located at 44-600 Kaneohe Bay Drive, Kaneohe, Hawaii 96744 (the "subject property"), and asserts claims for quiet title and declaratory relief. On March 1, 2013, Defendants removed the action to this court.

Currently before the court is Defendants' Motion to Dismiss, in which they argue that the Complaint fails to state a plausible claim upon which relief can be granted. Based upon the following, the court GRANTS Defendants' Motion to Dismiss, with leave for Plaintiff to file an amended complaint.

## II.  BACKGROUND

**A.    Factual Background**

As alleged in the Complaint, on July 11, 2005, Plaintiff entered into a loan transaction with CHL for $1,500,000 secured by the subject property. Doc. No. 1-3, Compl. ¶ 1 (Intro.);[2] *id.* Exs. A, B. The mortgage identifies Plaintiff as the borrower, CHL as the lender, and MERS as the mortgagee in a nominee capacity for CHL and CHL's successors and assigns. *Id.* Ex. B at 2. Specifically,

---

[1](...continued)
reference, the court simply refers to this Defendant as CWALT.

[2] The Complaint includes numbered paragraphs 1-2 in the "Introduction," and numbered paragraphs 1-28 for the remainder of the Complaint. Due to this redundancy, the court specifies when citing to the paragraphs in the Introduction.

2

the mortgage describes that MERS "is a separate corporation that is acting solely as a nominee for [CHL] and [CHL's] successors and assigns. MERS is the mortgagee under this Security Instrument." *Id.* Ex. B at 2.

The mortgage further provides that payments may be collected by a Loan Servicer:

> The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law. There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note.

*Id.* at 12.

The Complaint asserts that on November 1, 2005, CHL sold the mortgage loan to CWALT, which "effectively transferred [CHL's] interests in the Note and under the Mortgage. *Id.* Compl. ¶¶ 5-6. According to the Complaint, since this transfer, BANA "has held itself out as owner of the Note and the Mortgage." *Id.* ¶ 7. Plaintiff is aware of "no recorded or other evidence" that the Note or the Mortgage was transferred "to any other entity, including but not limited to [CHL or BANA]." *Id.* Compl. ¶ 8. The Complaint further alleges that "MERS could not have conveyed title to [BANA]" because MERS cannot be both

3

the nominee and mortgagee at the same time. *Id.* ¶ 9; *see also id.* ¶ 13.

Although the Complaint itself does not elaborate as to *how* BANA has held itself out as owner of the Note and Mortgage, it attaches a mortgage bill sent from BANA to Plaintiff. *Id.* Ex. C. The Complaint asserts that BANA's "continuing demands for payments constitute false statements and misrepresentations regarding [its] interests," are "proof of its efforts to defraud Plaintiff."[3] *Id.* Compl. ¶ 11.

**B.    Procedural Background**

On December 31, 2012, Plaintiff filed his Complaint in the First Circuit Court of the State of Hawaii alleging claims for quiet title pursuant to Hawaii Revised Statutes ("HRS") § 669-1(a) (Count I), and declaratory relief (Count II). On March 1, 2013, Defendants removed the action to this court.

On March 14, 2013, Defendants filed their Motion to Dismiss. Doc. No. 6. Plaintiff filed an Opposition on May 13, 2013, Doc. No. 14, and Defendants filed a Reply on May 20, 2013. Doc. No. 16. Pursuant to Local Rule 7.2(d), the court determines the Motion to Dismiss without a hearing.

---

[3] The Complaint also includes allegations regarding alleged misdeeds committed by Defendants in the mortgage industry generally and/or not involving Plaintiff directly. *See* Doc. No. 1-3, Compl. ¶¶ 10-15. The court disregards allegations that are not directed to Plaintiff.

## III.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss a claim for "failure to state a claim upon which relief can be granted[.]"

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008).  This tenet -- that the court must accept as true all of the allegations contained in the complaint -- "is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.  Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555); *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("[A]llegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.").

Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing

*Twombly*, 550 U.S. at 556). In other words, "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief as required by Rule 8. *Iqbal*, 556 U.S. at 679.

### IV. **DISCUSSION**

The basis of both Plaintiff's quiet title and declaratory relief claims is that all four Defendants have asserted an interest in the mortgage loan such that Plaintiff does not know which, if any, Defendant is entitled to his mortgage payments. Defendants argue that Plaintiff's theory of liability -- whether phrased as a claim for quiet title or declaratory relief -- lacks both a legal and factual basis. For several reasons, the court agrees.

As an initial matter, the Complaint fails to assert a plausible factual basis to support that each Defendant has actually asserted a conflicting interest in the mortgage loan. Rather, based on the allegations in the Complaint, each Defendant has a different role in the mortgage loan: (1) CHL is the original lender and sold the mortgage loan to CWALT, Doc. No. 1-3, Compl. ¶¶ 5-6; (2) MERS is CHL's nominee and mortgagee, *id.* Ex. B at 2; (3) CWALT was sold the mortgage

loan, *id.* ¶¶ 5-6; and (4) BANA has demanded payments on the mortgage loan. *Id.* ¶¶ 9-11.  These allegations establish no conflict -- the Complaint does not assert that any two Defendants have sought payment on the mortgage loan at the same time, or provide a factual basis that would support that any Defendant is wrongfully asserting a right to Plaintiff's mortgage payments.

Indeed, the only Defendant the Complaint identifies as asserting a right to Plaintiff's mortgage payments is BANA, yet the Complaint includes no allegations establishing a plausible basis that BANA has no right to these payments.  Rather, the Complaint asserts in wholly conclusory fashion that (1) BANA "has held itself out as owner of the Note and the Mortgage," *id.* ¶ 7; (2) Plaintiff is aware of "no recorded or other evidence" that the Note or the Mortgage was transferred BANA, *id.* ¶ 8; and (3) BANA's "continuing demands for payments constitute false statements and misrepresentations regarding [its] interests" and are "proof of its efforts to defraud Plaintiff." *Id.* ¶ 11.  Notably absent from the Complaint are any allegations explaining (1) *how* BANA has held itself out as owner of the Note and Mortgage (as opposed to, for instance, the Loan Servicer); (2) what statements and representations BANA has made regarding its interest in the mortgage loan; and (3) why such statements made by BANA are false.  The Complaint's threadbare recitals as to BANA, supported by mere

conclusory statements, do not establish a plausible claim.[4]  *See Iqbal*, 556 U.S. at 678.

The court further rejects that Plaintiff can base a claim on MERS's dual role as nominee for CHL and mortgagee.  Specifically, although the allegations of the Complaint are vague, it appears that Plaintiff may be basing his claims, at least in part, on the faulty assertion that MERS "cannot be the nominee and the mortgagee at the same time."  Doc. No. 1-3, Compl. ¶ 9.  The Complaint does not explain how this legal conclusion ties into Plaintiff's claims for quiet title and declaratory relief, and this failure appears to be for good reason -- MERS's involvement in the transaction injects no ambiguity into the issue of who is entitled to Plaintiff's mortgage payments.  Rather, the mortgage explicitly identifies that MERS is the nominee for CHL and its assigns, and is the mortgagee.  Compl. Ex. B.  As a result, this court has rejected claims attacking MERS's role in mortgage transactions, given that the mortgage expressly notifies the mortgagor of such role.  *See, e.g.*, *Pascual v. Aurora Loan Servs., LLC*, 2012 WL 2355531, at *4 (D. Haw.

---

[4] And to the extent that Plaintiff bases his claim against BANA on the assertion that BANA made fraudulent misrepresentations, such allegations fail to meet the heightened pleading requirements of Rule 9(b) -- the Complaint includes no allegations explaining "the who, what, when, where, and how of the [fraudulent] misconduct charged."  *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009).  Plaintiff must still meet the requirements of Rule 9(b) even though he does not assert a stand-alone fraud claim -- in cases in which fraud is not an essential element of the claim, Rule 9(b) nonetheless applies to the particular averments of fraud.  *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003).

June 19, 2012) (citing *Cervantes v. Countrywide Home Loans*, 656 F.3d 1034 (9th Cir. 2011)). This court has also rejected numerous borrowers' claims challenging MERS's authority to assign, on behalf of a lender, the mortgage,[5] as well as claims based on securitization of the mortgage loan.[6] Thus, Plaintiff cannot base a claim on MERS's role as nominee for CHL and mortgagee, and the Complaint's allegations as to MERS fail to assist Plaintiff in asserting a claim against any Defendant.

Finally, the court rejects that Plaintiff can assert a quiet title claim based on the contention that he does not know to whom his debt is owed. *See Klohs v. Wells Fargo Bank, N.A.*, 901 F. Supp. 2d 1253, 1261 n.4 (D. Haw. 2012) (citing *Homeyer v. Bank of Am.*, 2012 WL 4105132, at *6 (D. Idaho Aug. 27, 2012) (rejecting quiet title claim where plaintiffs asserted that they did not know to whom their debt is owed, reasoning that "even assuming some yet unknown entity

---

[5] *See, e.g.*, *Fed. Nat'l Mortg. Ass'n v. Kamakau*, 2012 WL 622169, at *4 & *5 n.5 (D. Haw. Feb. 23, 2012) (explaining that a borrower cannot challenge an assignment that he was not a party to, and that plaintiff may not assert claims based on the argument that MERS lacked authority to assign its right to foreclose); *Lindsey v. Meridias Cap., Inc.*, 2012 WL 488282, at *3 n.6 (D. Haw. Feb. 14, 2012) ("[A]ny argument that MERS lacked the authority to assign its right to foreclose and sell the property based on its status as 'nominee' cannot stand in light of [*Cervantes*.]" (quoting *Velasco v. Sec. Nat'l Mortg. Co.*, 2011 WL 4899935, at *11 (D. Haw. Oct. 14, 2011)); *Teaupa v. U.S. Nat'l Bank N.A.*, 836 F. Supp. 2d 1083, 1104 (D. Haw. 2011) (dismissing without leave to amend claim asserting that MERS lacks standing to foreclose).

[6] *See, e.g.*, *Rodenhurst v. Bank of Am.*, 773 F. Supp. 2d 886, 898 (D. Haw. 2011) (citing numerous cases); *Kamakau*, 2012 WL 622169, at *4 (same).

is the true Note Holder entitled to receive payments, the fact that the entity is unknown is not a cloud on the title") (Findings and Recommendation adopted Sept. 17, 2012)). *Homeyer* explained that "[u]nless and until the Note Holder fails to produce clear title and a warranty deed upon tender, Plaintiffs may not fail to comply on their part with the provisions of the Note requiring payment." *Id.* "As the Ninth Circuit Bankruptcy Appellate Panel recently observed, the borrower (the maker of the note) 'should be indifferent as to who owns or has an interest in the note so long as it does not affect the maker's ability to make payments on the note.'" *Id.* at *7 (quoting *Veal v. Am. Home Mortg. Serv.*, 450 B.R. 897, 912 (9th Cir. B.A.P. 2011)).

The court therefore GRANTS Defendants' Motion to Dismiss.

### V. **CONCLUSION**

Based on the above, the court GRANTS Defendants' Motion to Dismiss.  In light of the allegations of the Complaint and the vague and/or conclusory theory(ies) of liability presented, it remains unclear to the court how Plaintiff could amend his claims to state a claim upon which relief can be granted.  Keeping in mind Plaintiff's Rule 11(b) obligations, however, the court grants Plaintiff leave to file an amended complaint consistent with this Order by June 17, 2013.  Plaintiff is notified that an amended complaint will supersede the

Complaint.  *Ferdik v. Bonzelet*, 963 F.2d 1258 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the court will treat the Complaint as nonexistent.  *Ferdik*, 963 F.2d at 1262.  If Plaintiff fails to file an amended complaint by June 17, 2013, this action will be dismissed.

        IT IS SO ORDERED.

        DATED:  Honolulu, Hawaii, May 29, 2013.



    /s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Lovretich v. Countrywide Home Loans, Inc. et al.*, Civ. No. 13-00098 JMS/BMK, Order Granting Defendants' Motion to Dismiss Complaint Filed December 31, 2012